ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 19 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | No. 4:07-CR-015-Y |
| MICHAEL COLE DAWSON (1) | § | |

## FACTUAL RESUME

**INDICTMENT:**

**Count Two through Count Ten**   Theft from Interstate Shipment, in violation of 18 U.S.C. § 659

**PLEA:**

**Count Three**   Theft from Interstate Shipment, in violation of 18 U.S.C. § 659

**PENALTIES:**

Imprisonment for not more than ten (10) years; a fine equal to the greater of $250,000 or twice the pecuniary gain to the defendant or loss to the victim; or both such fine and imprisonment; plus a term of Supervised Release of not more than one (3) years; plus a Mandatory Special Assessment of $100.00; plus restitution to victims or to the community, which may be mandatory under the law, and which the Defendant agrees may include losses arising from all relevant conduct, and is not limited to losses arising from the offense of conviction alone; and which may include costs of incarceration and supervision.

If the Defendant violates any condition of the term of Supervised Release, the Court may revoke such release term and require that the Defendant serve an additional period of confinement. Revocation of a term of Supervised Release makes the overall period of incarceration longer.

**ELEMENTS OF THE OFFENSE:**

In order to establish the Defendant's guilt of the offense of Theft from Interstate Shipment, in violation of 18 U.S.C. § 659, as alleged in Count Three of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

*First:*   That the defendant stole the property described in Count Three of the Indictment from a platform, as alleged in the Indictment;

*Second*:   That at the time alleged such property was part of an interstate shipment of freight;

*Third*:   That the defendant knew the property was not his, and he intended to deprive the owner of the use and benefit of the property; and

*Fourth*:   That such property then had a value in excess of $1,000.

**STIPULATED FACTS:**

On or about January 3, 2006, Michael Cole Dawson ("the Defendant") was employed by United Parcel Service of America, Inc. ("UPS"), and his duties included sorting packages on a platform at a UPS facility in Grapevine, Texas. While sorting packages, the Defendant tore open a package and stole from it an International Watch Company Pilot Mark XV wrist watch with a value of $1,870. The Defendant took the watch away from the sorting platform and away from the UPS facility. The Defendant knew the watch was not his, and he took it with the intent to deprive its true owner of its use and benefit. When the Defendant stole it, the watch was en route, via UPS, from Grand Prairie, Texas to Lincolnwood, Illinois.

AGREED AND STIPULATED on this _15_ day of October 2007.

_____     _____
MICHAEL COLE DAWSON                  BRADY T. WYATT III
Defendant                            Counsel for Defendant

**Factual Resume - Page 2**